UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 0:97-CR-06007-MORENO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.

FERNANDO BURGOS-MARTINEZ,

      Defendant.

_____/

## ORDER DENYING MOTION TO REDUCE SENTENCE

THIS CAUSE came before the Court upon Defendant's Motion to Reduce Sentence **(D.E. 1395)**, filed on **May 17, 2019**. THE COURT has considered the motion, the response in opposition, the pertinent portions of the record, and being otherwise fully advised in the premises, it is **ADJUDGED** that for the reasons below, the motion is DENIED.

Defendant seeks a reduction of his sentence pursuant to two statutes. First, he argues that under the First Step Act's amendment of 18 U.S.C. § 3582(c)(1)(A), he is entitled to a "modification of an imposed term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). Under that "compassionate release" provision, a defendant may petition a court for a reduction of sentence once the warden of the defendant's prison facility declines to bring a motion on the defendant's behalf, or fails to respond to defendant's petition within thirty days. *Id.* Once a defendant exhausts these remedies, he or she must argue that "(i) extraordinary and compelling reasons warrant such reduction; or (ii) the defendant is at least 70 years of age, has served at least 30 years in prison [for a qualifying offense], and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community." *Id.* The

statute also requires that for either prong, the potential reduction of sentence be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

Defendant also seeks a modification of his sentence pursuant to another statute amended by the First Step Act: 34 U.S.C. § 60541(g). Under that statute, a defendant may seek home detention in lieu of continued incarceration if he or she is an "eligible elderly offender." 34 U.S.C. § 60541(g)(5)(A). To be an eligible elderly offender, the defendant must be "an offender in the custody of the Bureau of Prisons—(i) who is not less than 60 years of age; (ii) who is serving a term of imprisonment that is not life imprisonment [for a qualifying nonviolent crime] and has served 2/3 of imprisonment to which the offender was sentenced . . . ." *Id.* Entitlement to home detention is entirely discretionary. The statute explains that home detention is part of a larger "pilot program" conducted by the Attorney General "to determine the effectiveness of removing eligible elderly offenders and eligible terminally ill offenders from Bureau of Prisons facilities and placing such offenders on home detention." 34 U.S.C. § 60541(g)(1)(A).

In his motion, Defendant fails to satisfy the requirements of either statute under which he seeks relief. First, he has failed to provide any reasons, outside the mere fact that he is "78 years old [and] his health has begun to fail," for why his present health condition rises to the level of an "extraordinary and compelling reason[] warrant[ing] . . . reduction." 18 U.S.C. § 3582(c)(1)(A)(i). As the United States explains, Defendant has not demonstrated that he is suffering from a terminal illness, or any other serious physical or mental condition for that matter. He vaguely writes that he "has required outside medical services on a half dozen occasions," but provides no detail on whether these services were for a terminal or serious health condition. If anything, it would appear from the record that Defendant does not have one, as he is currently housed in a low-security prison facility, not a medical center. Furthermore, nowhere in his motion does Defendant state he is

unable to take care of himself or that he is not expected to recover from his ailments.

Defendant also fails to satisfy the second alternative prong of 18 U.S.C. § 3582(c)(1)(A). While Defendant is at least seventy years of age, he has not yet served thirty years in prison (he has only served a little more than twenty-one years), and there is no evidence in the record that a determination has been made by the Director of the Bureau of Prisons that the Defendant is not a danger to the safety of any other person or the community. *See* 18 U.S.C. § 3582(c)(1)(A)(ii). Accordingly, Defendant fails at this time to satisfy the minimum requirements of this prong.

Defendant's final argument that he qualifies for home detention under 34 U.S.C. § 60541(g) is also misplaced. Notably, Defendant fails to satisfy the requirement that he serve at least two-thirds of his imprisonment. Having only served approximately twenty-one years and four months of his thirty-five-year sentence, the Defendant must wait a few more years to renew his application. But even then, when he does, the Court cautions that entitlement to home detention is entirely discretionary. As stated elsewhere, "[b]y its plain language . . . § 603 of The First Step Act does not authorize prisoners to seek relief as an eligible elderly offender in federal court because it did not alter the provision of § 60541(g) that grants the Attorney General the discretion to release certain elderly offenders." *Rodriguez v. Dobbs*, No. 19-20716-CV, at \*4 (S.D. Fla. Apr. 4, 2019). Thus, this Court has no authority under section 60541(g) to order Defendant serve the rest of his sentence in home detention, even were he to qualify. *See also United States v. Egan*, No. 10 Cr. 191, 2019 WL 1552266, at \*1-2 (S.D.N.Y. Apr. 10, 2019) (holding similarly).

Accordingly, based on the above, Defendant's Motion to Reduce Sentence is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this ____ of October 2019.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Fernando Burgos-Martinez
54594-004
Federal Correctional Complex
Unit C-1 (Low Custody)
P.O. Box 1031
Coleman, Florida 33521
PRO SE