United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, Plaintiff, | ) |
| | ) |
| v. | ) Criminal Case No. |
| | ) 97-06007-CR-Scola |
| | ) |
| Fernando Burgos-Martinez, | ) |
| Defendant. | ) |

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

This matter is before the Court on Defendant Fernandez Burgos-Martinez's Motion for Compassionate Release. (Mot., ECF No. 1468.) The Government has responded. (Resp., ECF No. 1470.) The Defendant has not replied, and the time to do so has passed. After careful consideration of the parties' written submissions, the record, and the legal authorities, the Court **denies** the motion for compassionate release. (**ECF No. 1468**.)

### 1. Background

Defendant Fernandez Burgos-Martinez was found guilty of conspiracy to import and the importation of cocaine into the United States, along with conspiracy to launder the proceeds of drug trafficking offenses, in 1998. (ECF No. 736.) After the guilty verdict, the Court sentenced him to life-imprisonment on all counts. (ECF Nos. 917, 985:12.) As part of sentencing, the Court adopted factual findings from the pre-sentence investigation report ("PSI") and considered evidence introduced at trial. The findings and evidence included the fact that Mr. Burgos-Martinez had been responsible for the importation of more than 27,000 kilograms of cocaine, that Mr. Burgos-Martinez had perjured himself at trial, and that Mr. Burgos-Martinez was the leader of the drug-trafficking enterprise at issue. (ECF No. 985 at 11-12.)

Now, the Defendant moves to reduce his sentence under the First Step Act and for compassionate release under the Elderly Offenders Provisions of the Act. (Mot. at 1.) The Defendant requests that he be relieved of serving the remainder of his sentence due to concerns that he is susceptible to infection from the ongoing Covid-19 pandemic, including due to "Long Covid," the "Omicron" variant, and its sub-variants, because of his advanced age. (*Id.*)

The Government has replied, asserting that the Defendant failed to exhaust his administrative remedies, presents no compelling and extraordinary circumstances supporting compassionate release, and would present a danger to the community if he were to be released, based on the conduct he was found

to be guilty of at trial and that was further addressed in the PSI and the Court's sentencing determination. (Resp. at 5-6, 8-9.)

## 2. Legal Standard

Under "18 U.S.C. § 3582, as modified by the First Step Act of 2018, courts may reduce a term of imprisonment upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . . 18 U.S.C. § 3582(c)(1)(A) (2018); see generally First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194." (CRDE 560). In order to grant the Defendant's request pursuant to § 3582(c)(1)(A), the Court must consider the following factors: (1) whether the Defendant has exhausted his administrative remedies with the BOP; (2) weigh the relevant § 3553(a) factors; (3) conclude that extraordinary and compelling reasons warrant compassionate release in this case; and (4) determine that the Defendant is not a danger to the community. Further, the Defendant bears the burden of establishing that compassionate release is warranted under the circumstances. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (explaining that "a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that" compassionate release is warranted, but that even where a defendant satisfies this burden, "the district court still retains discretion to determine whether a sentence reduction is warranted").

## 3. Analysis

The Court does not find that the Defendant has carried his burden to establish that compassionate release is warranted. Accordingly, the Court denies the Defendant's motion.

As an initial matter, the Court observes that the Defendant likely has not exhausted his administrative remedies, because the Defendant was directed by the Bureau of Prisons ("BOP") to resubmit his administrative remedy request but never did so. (Resp. at 5.) Assuming for the sake of argument, however, that the Defendant did exhaust his administrative remedies, the Court finds that he satisfies none of the other factors that the Court must consider.

### A. Mr. Burgos-Martinez Does Not Demonstrate Extraordinary or Compelling Circumstances Justifying His Request

The Defendant's request for compassionate release under the First Step Act is based on his concern of exposure to Covid-19 reinfection. (Mot. at 1.) The Defendant has filed a prior motion for compassionate release, based on the same concerns about Covid-19 infection, which the Court denied. (ECF Nos. 1415, 1416.) The Defendant raises no new concerns here, and certainly none that constitute extraordinary and compelling circumstances warranting the relief he requests.

First, the Court observes that the Defendant has already been infected with, and recovered from, Covid-19. (Resp. at 6.) Further, the Defendant has been fully vaccinated against Covid-19 and has received a booster vaccination. (*Id.*) Put simply, the Defendant's concerns are not supported by his medical records. He has received preventative treatment for Covid-19 and has already recovered from Covid-19 infection once. He therefore fails to present any circumstances that could justifiably be considered to be "extraordinary" or "compelling." *Hamilton*, 715 F.3d at 337.

Second, the Court may not consider factors other than those specifically listed in U.S.S.G. § 1B1.13 Application Note 1(A) – (C) as "extraordinary and compelling reasons" under the policy statement's "catch-all provision in Application Note 1(D). *United States v. Bryant*, 996 F.3d 1243, 1262-64 (11th Cir. 2021) (Cert. denied 142 S. Ct, 583, 2021). The Defendant's concern of Covid-19 infection is not one of the factors listed as an extraordinary or compelling reason, so the Court may not consider it. *See United States v. Chitwood*, Civil Action No. 4:10-cr-00029-JPB, 2021 WL 1947181, at *2 (N.D. Ga. May 14, 2021) (finding that the fact that the defendant's medical condition allegedly made him more susceptible to severe illness from Covid-19 did not qualify as extraordinary and compelling reason for sentence reduction under U.S.S.G. § 1B1.13 post-*Bryant*).

Third, and finally, even if the Court could consider the Defendant's concerns regarding Covid-19 reinfection, courts routinely observe that the possibility of Covid-19 infection does not constitute extraordinary and compelling circumstances. Rather, the Defendant's history of infection and recovery demonstrate that his request is not supported by extraordinary and compelling circumstances. *See United States v. Risley*, 2020 WL 4748513, at *6 (E.D. Cal. Aug. 17, 2020) ("Courts generally find that the risk of a second infection does not constitute sufficiently compelling grounds to justify compassionate release."); *United States v. Jenkins*, 2021 WL 665854, at *4 (S.D. Ind. Feb. 19, 2021) ("To date, this Court has declined to find extraordinary and

compelling circumstances warranting a sentence reduction when a defendant has recovered from COVID-19—even when that defendant has risk factors for severe symptoms . . . . The fact that the BOP is now actively vaccinating inmates against COVID-19 . . . only underscores the speculative nature of any concern about reinfection.")

Therefore, the Court finds that the Defendant's request for compassionate release does not meet the legal requirements for considerations and, at any rate, is not supported by extraordinary and compelling circumstances.

### B. Mr. Burgos-Martinez's Concern about the Harshness of His Sentence Is Not a Factor for the Court to Consider

Next, the Court observes that under *Bryant*, it also may not consider the Defendant's arguments that he should be entitled to compassionate release because his sentence is "harsher" and "more punitive" than those of other defendants who committed similar crimes. (Mot. at 3); 996 F.3d at 1262-64. As the Government states in its response, the Eleventh Circuit determined in *Bryant* that "the First Step Act did nothing to alter the BOP's role in § 3582 motions as provided for by Application Note 1(D) (the "catch-all" provision), and the BOP, not the district courts, still 'determin[es] which reasons outside of those explicitly delineated by the Commission are extraordinary and compelling." (Resp. at 8) (quoting *Bryant*, 996 F.3d at 1243.) The BOP has not established that the imposition of a "harsher and more punitive sentence" may be considered under the First Step Act. Therefore, the Court may not consider these concerns in ruling on the motion.

### C. Mr. Burgos-Martinez's Underlying Conduct Demonstrates That, if Released, He Would Present a Danger to the Community

Finally, the Court finds that even if the Defendant had established extraordinary and compelling circumstances, he would be a danger to the community if released. Accordingly, the Court finds that the Defendant has also failed to carry his burden under the fourth factor of the Court's analysis. *See Hamilton*, 715 F.3d at 337.

The Defendant's underlying conduct—both in the completion of his underlying crimes and at trial—demonstrates that he would be a danger to the community. At trial, the Government demonstrated that Mr. Burgos-Martinez trafficked over 27,000 kilograms of cocaine to the U.S. with the help of a "ruthless Haitian military dictatorship and vicious Colombian cartels." Worse, the Defendant committed perjury at trial and attempted to destroy evidence by

eating paper documents demonstrating his guilt. His criminal conduct was testified to at trial by multiple coconspirators and a jury convicted him.[1]

Further, the Court observes that Mr. Burgos-Martinez has never expressed remorse for his crimes or acknowledged his guilt. The Defendant's unwillingness to accept responsibility for his crimes, even after more than twenty years of incarceration, demonstrates that he would, if released, continue to present a danger to the community. The Defendant presents no factor that would support his request for compassionate release. Therefore, the Court denies his motion.

### 4. Conclusion

Accordingly, based on the foregoing, it is hereby **ORDERED and ADJUDGED** that the Defendant's motion for compassionate release is **DENIED**. (**ECF No. 1468**.)

**Done and ordered** in Miami, Florida, on February 21, 2023.

Robert N. Scola, Jr.
United States District Judge

---

[1] *See* Trial testimony from witnesses Carlos Marcantoni, Esteban Moriyon, Albert Herrera, and Rodney Julien, (see, e.g., ECF No. 967:73-89; ECF No. 968:54-59, 94-95; ECF No. 969:30-47, 109-24, 185-86; ECF No. 975:165-67, 175-78). The Court specifically found this testimony to be credible. (ECF No. 985:10.) The witness' testimony supported the finding that Burgos-Martinez was responsible for the importation of more than 27,000 kilograms of cocaine.